**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**DEJESUS SERRANO CANDIDO,** :
    **Petitioner** :
                            **CIVIL ACTION NO. 3:19-0231**
    **v.** :
                             **(Judge Mannion)**
**DAVID J. EBBERT,** :
    **Respondent** :

## MEMORANDUM

DeJesus Serrano Candido, an inmate confined in the United States Penitentiary, Lewisburg, ("USP-Lewisburg"), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1, petition). Although disjointed, the Petitioner claims that the food at USP-Lewisburg is being contaminated. Id. Specifically, Petitioner states that all staff are "putting billion the billion orgam (sic) the men gat (sic) sida (sic), Hepatitis C and Cancer in all food, breakfast, lunch and denied (sic), putting drug, ice, crack, heroin and osicodon (sic)" and "situation not stop". Id. He claims that "the Warden needs to get control of the prison." Id. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

1

**II. Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977) (applicable to §2241 petitions through Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa. 1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it

necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In the instant case, Petitioner's challenge to the conditions of his confinement is not a challenge to the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. He does not seek release from prison, nor does he seek to be released sooner from prison. Rather, Petitioner complains that the food at USP-Lewisburg is being contaminated. This deprivation, however, does not affect the length of his sentence. Significantly, Petitioner does not seek relief that would shorten the length of his current sentence and incarceration in prison. Nor does he seek release from prison by attacking the legality of his judgment or conviction. Therefore, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. §2241, but rather must be pursued through the filing of a Bivens[1] action. A claim concerning the deprivation of property does not lie at the "core of habeas" in that it does not challenge the fact or length of a sentence or confinement and, therefore, is not cognizable in a §2241 petition. See Preiser, 411 U.S. at 500; see Leamer, 288 F.3d at 542-44. Consequently, the petition will be dismissed without prejudice

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

to any right Candido may have to reassert his claim in a properly filed civil rights complaint.

## III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 18, 2019**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2019 MEMORANDA\19-0231-01.wpd